UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------
KATHERINA ABRAMS on behalf of herself
And all others similarly situated                          ECF CASE
                                                           07 CV 7864 (LTS)
                Plaintiff,

       -against-

EXCEL ACQUISITIONS, LLC

                Defendant.
-------------------------------------------------------------

## CLASS ACTION COMPLAINT

*Introduction*

1. Plaintiff seeks redress for the illegal practices of Excel Acquisitions, LLC concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

*Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt, purportedly and originally owed to Providian Bank.

4. Upon information and belief, Excel Acquisitions, LLC is a Massachusetts corporation which maintains an office in Mashpee, Massachusetts.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

*Jurisdiction and Venue*

7. This Court has Federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since the defendant transacts business in this district and the collection letter was sent into this district.

*Allegations Particular to Katherina Abrams*

9. On information and belief, on a date better known by defendant, defendant began attempting to collect an alleged consumer debt from the plaintiff.

10. On or about January 7, 2007 defendant sent the plaintiff an initial collection letter allegedly for a debt incurred for personal purposes.

11. Within the initial thirty day period, defendant sent an additional letter dated February 2, 2007.

12. Said letter states in pertinent part: "Your failure to respond to our previous letter has left us no other alternative than to believe the debt is valid and you have no dispute to the validity of this debt.  Please inform Excel Communications, LLC your intentions regarding this debt."

13. Said language contradicts the initial letter where the second letter presumes the validity of the debt prior to the end of the initial thirty day period to dispute the debt and seek verification thereof

14. Said February 2, 2007 letter states in part: "We want to work with you to restore your good credit status."

15. Said language implies that if the plaintiff pays the debt, then the plaintiff will have good credit.

16. Said statement is false and deceptive.

17. Said letter states in part: "If you checked 1, please enclose your check or money order and your account will be paid in full and we will delete any information regarding this account from all credit bureaus."

18. Said language is confusing and can be read with two different interpretations.

19. Said language implies that information even supplied by Providian Bank will be deleted.

20. Upon information and belief, the defendant does not cause Providian Bank's credit entry to be deleted.

21. Upon information and belief, according to the New York City Department of Consumer Affairs website, the defendant does not have a license number with the Department of Affairs.

22. In order to attempt to collect the within alleged debt from the plaintiff, who resides in New York City, the defendant must be licensed with the Department of Consumer Affairs.

23. The said January 7, 2007 letter states in part as follows: "Due to your inactivity regarding this account, we are reviewing each account for legal and credit bureau criteria and after 30 days this account may be reported to the major credit bureaus."

24. The said February 2, 2007 letter states in part: "Failure to respond or contact this office within 15 days of receipt of this letter will void this settlement offer.

3

Furthermore, your account will be initiated to PRE-LEGAL status and reviewed for our criteria for LITIGATION."

25. Said language threatens legal action.

26. The defendant is not able to sue the plaintiff where the defendant is not licensed with the Department of Consumer Affairs.

**27.** The said actions of the defendant are in violation of the Fair Debt Collection Practices Act.

**28.** The contradicting the rights to dispute the debt is in violation of 15 U.S.C. §§ 1692g and 1692e(10).

**29.** The deception concerning restoring the credit is in violation of 15 U.S.C. § 1692e(10).

**30.** The attempting to collect debts from New York City consumers without the proper license and the specific threat of legal action is in violation of 15 U.S.C. §§ 1692e(f), 1692e(10) and 1692f for engaging in false threats, deceptive representations and unfair practices.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of herself and the members of a class, as against the defendant.*

31. This count is brought on behalf of plaintiff and the members of various classes.

32. The Classes consist of consumers who received either or both of the same form letters, as did the plaintiff.

33. Class A consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent collection letters (a) bearing the

4

      defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about January 7, 2007 and the February 2, 2007 (b) the collection letter were sent to a consumer seeking payment of a personal debt owed to the defendant and sent where the second letter cut short the validation period and deceived the consumer about credit reporting; and (c) the collection letters were not returned by the postal service as undelivered, (d) and that the letters contained violations of 15 U.S.C. § 1692g and 1692e(10).

34. Class B consists of those members similar to Class A but who reside within the City of New York and who received the January 7, 2007 letter.

35. Class B also consists of a sub-class for those New York City residents who received the letter dated February 2, 2007.

36. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

    (D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

    (E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

37.    A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

38.    If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

39.    Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

40.    The defendant's failure to use certain language in the collection letter violates the Fair Debt Collection Practices Act.

41. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and on behalf of the members of the class, and against the defendant and award damages as follows:

    (a)    Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

    (b)    Attorney fees, litigation expenses and costs incurred in bringing this action; and

    (c)    Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
September 3, 2007

_____
Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein (AF-9508)